UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jose Robles-Hernandez,                                    Case No. 4:20-cv-1430

                        Petitioner

            v.                                           MEMORANDUM OPINION
                                                         AND ORDER

Mark K. Williams,

                        Respondent

### Introduction

*Pro se* Petitioner Jose Robles-Hernandez, a federal inmate incarcerated at Federal

Correctional Institution Elkton ("Elkton"), has filed a Petition for Writ of *Habeas Corpus* Under 28

U.S.C. § 2241. (Doc. No. 1.)   He seeks release from Elkton to home confinement on the basis of

the COVID-19 virus.   (*See id.* at 8; Doc. 1-16 at 2.)

Petitioner does not represent that he has exhausted his administrative remedies with the

Bureau of Prisons ("BOP") with respect to a claim for release to home confinement.   He

acknowledges he has not fully exhausted his remedies with the BOP, contending exhaustion would

be futile.   (*See* Doc. No. 1 at 3, ¶ 7(b); Doc. 1-16 at 2.)

### Standard of Review and Discussion

Federal district courts must conduct an initial review of *habeas corpus* petitions.   *See* 28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).   A court must

deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief" in the district court.   Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, I find I must dismiss the Petition without prejudice.

Before a prisoner may seek *habeas corpus* relief under § 2241, he must exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.*

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

I agree with the other courts in this district that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19 circumstances, regardless of the statutory basis for their claim. *See, e.g., Cottom v. Williams*, No. 4: 20 CV 574, 2020 WL 2933574 (N.D. Ohio June 3, 2020); *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542 (N.D. Ohio May 1, 2020). As Judge Lioi

reasoned in *Bronson*, the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID-19 risk factors.  *See id.* at **2-3.

### Conclusion

Accordingly, in that the Petition on its face demonstrates that Petitioner has not exhausted his administrative remedies with the BOP respect to a claim for release to home confinement on the basis of COVID-19 circumstances, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases without prejudice to re-filing upon full exhaustion of administrative remedies.   I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge